# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVEN DEWAYNE BEARD,<br><br>*Defendant.* | Case No. CR-23-194-RAW |

## ORDER

On September 13, 2024, the Defendant was found guilty of all three counts in the Superseding Indictment – (1) First Degree Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; (2) Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c) in violation of 18 U.S.C. § 924(j).

Now before the court is the Government's opposed motion to vacate the conviction for Count Three [Docket No. 177]. The Defendant requests that the court vacate the conviction for Count Two instead, arguing that the § 924(c) conviction is the lesser included offense [Docket No. 181]. In its reply [Docket No. 184], the Government informs the court that it seeks to vacate the Count Three § 924(j) conviction because the Count Two § 924(c) conviction carries a mandatory minimum sentence of ten years, which must be served consecutively to any other offense of conviction, and a maximum sentence of life imprisonment. 18 U.S.C. § 924(c)(1)(A)(iii). The Count Three § 924(j) conviction may be imposed concurrently and lacks a

mandatory minimum sentence. 18 U.S.C. § 924(j)(1); *Lora v. United States*, 599 U.S. 453, 455 (2023).

The Government argues that here, the Defendant committed First Degree Murder with a firearm and should receive at least the same mandatory minimum consecutive ten-year sentence for discharging the firearm that any other Defendant who commits a crime of violence involving the discharge of a firearm would receive. The court agrees.

As the Second Circuit has noted, "[c]onstruing § 924(j) to negate § 924(c)'s consecutive and minimum sentence mandates for defendants convicted under both statutes . . . would create the anomalous result of affording only those defendants whose § 924(c) crimes actually caused death the possibility of avoiding those mandates." *United States v. Barrett*, 102 F.4th 60, 93-94 (2d Cir. 2024), *cert. granted in part*, No. 24-5774, 2025 WL 663692 (U.S. Mar. 3, 2025). "A court would be permitted to impose a lower sentence on a defendant whose firearms use caused death (the purportedly greater § 924(j) offense) than it would be required to impose on a defendant whose firearms use in similar circumstances did not cause death (the purportedly lesser-included § 924(c) offense). Nothing in the text of § 924(j) suggests that Congress intended to create such an illogical carveout from § 924(c)'s consecutive minimum sentence mandate." *Id*. at 94.

The court finds that it is in the public interest to vacate the Count Three § 924(j) conviction. Accordingly, the Government's opposed motion to vacate the conviction for Count Three [Docket No. 177] is hereby GRANTED.

**IT IS SO ORDERED** this 23rd day of April, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**